*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN DOE and JANE DOE,

Plaintiffs-Appellants,

v

GENERAL MOTORS, LLC,

Defendant-Appellee.

UNPUBLISHED
October 28, 2021

No. 355097
Genesee Circuit Court
LC No. 20-114107-NO

Before: MURRAY, C.J., and JANSEN and RIORDAN, JJ.

JANSEN, J. (*dissenting*)

For the reasons that follow, I respectfully dissent.

The trial court erred in granting summary disposition in favor of defendant because genuine issues of material fact exist regarding plaintiffs' claim that the intentional tort exception to the exclusive remedy provision of the Worker's Disability Compensation Act of 1969 (WDCA), MCL 418.101 *et seq*., applies, and summary disposition before discovery was completed was premature. Therefore, I would vacate the trial court order granting defendant summary disposition, and remand to the trial court for further proceedings, including discovery.

I adopt the standard of review for a motion for summary disposition under MCR 2.116(C)(7) as provided by the majority. Summary disposition is premature if granted before discovery is completed on a disputed issue. *Powell-Murphy v Revitalizing Auto Communities Environmental Response Trust*, 333 Mich App 234, 253; 964 NW2d 50 (2020). "[A] party may not simply allege that summary disposition is premature. The party must clearly identify the disputed issue for which it asserts discovery must be conducted and support the issue with independent evidence." *Id*. "The dispositive inquiry is whether further discovery presents a fair likelihood of uncovering factual support for the party's position." *Id*. (quotation marks and citation omitted).

The benefits that the WDCA provides are an employee's exclusive remedy against an employer for work-related personal injuries. MCL 418.131(1); *Johnson v Detroit Edison Co*, 288 Mich App 688, 695-696; 795 NW2d 161 (2010). "The only exception to this exclusive remedy is an intentional tort." MCL 418.131(1). "An intentional tort shall exist only when an employee is

injured as a result of a deliberate act of the employer and the employer specifically intended an injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge." *Id*. The second sentence applies here, and "allows the employer's intent to injure to be inferred if the employer had actual knowledge that an injury was certain to occur, under circumstances indicating deliberate disregard of that knowledge." *Travis v Dreis & Krump Mfg Co*, 453 Mich 149, 180; 551 NW2d 132 (1996). Questions of fact exist regarding this requirement.

Employees were using the storage blocks in the die presses even though they were instructed by defendant not to, and disciplined when they did. It is human nature that employees will not always follow protocol. However, given the lack of discovery, it is not clear what the blocks were used for, how often they were used, and under what circumstances they were used.[1] The evidence provided by plaintiffs established that such storage blocks were ejected in a similar manner 5 to 10 times over a period of years, but these are only the times that plaintiffs were aware of. Without discovery, the frequency with which the blocks were ejected is unclear. It is incredibly fortunate that no one else was seriously injured by an ejected storage block given the extremely dangerous risk posed by an ejection. However, just because no other employee was injured does not mean that defendant lacked knowledge that an injury was certain to occur, given the dangerous nature of an ejection. In fact, plant manager Jim Scrimiger insisted on using the safety blocks, stating, "it was his plant, his dies, and his call," even though the Safety Committee Chairperson, Thomas Parker, urged him not to.

Thus, genuine issues of material fact exist regarding whether defendant had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge, MCL 418.131(1), and further discovery presents a fair likelihood of uncovering factual support for plaintiffs' claim, *Powell-Murphy*, 333 Mich App at 253. Without opining as to whether plaintiffs would prevail on a future motion for summary disposition, I would conclude that plaintiffs are entitled to further discovery, *id*. at 255-256, vacate the trial court order granting defendant summary disposition, and remand for further proceedings.

/s/ Kathleen Jansen

---

[1] At oral argument, under questioning by the Court, defense counsel failed to provide any clarification as to these questions of fact regarding why, how often, and under what circumstances the blocks were used by employees of defendant.